**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

WANDA MONTANEZ,

                     Plaintiff,

  -against-

TOP HAT UNIFORM, INC. dba TOP HAT IMAGEWEAR
and TOP HAT UNIFORM TOO, INC.

                    Defendants.
------------------------------------------------------------------X

Civil Action No._____

**COMPLAINT**

JURY DEMAND

Plaintiff Wanda Montanez ("Montanez" or "Plaintiff"), by her undersigned attorneys, for her Complaint against Top Hat Uniform, Inc. dba Top Hat Imagewear ("Top Hat") and Top Hat Uniform Too, Inc. ("Top Hat Too") (each a "Defendant" and collectively, the "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C §101, et seq. (the "Copyright Act"), and for misappropriation, breach of contract, and unjust enrichment under New York common law. This action arises out of Defendants' unauthorized use of the Plaintiff's copyright-protected work in furtherance of Defendants' business.

## THE PARTIES, JURISDICTION AND VENUE

2. Montanez is an individual with a permanent residence in Toronto, Canada.

3. Upon information and belief, Defendant Top Hat is a corporation organized and existing

under the laws of the State of New York with its principal place of business at 230 Duffy Avenue, Ste E, Hicksville, NY 11801-3641.

4. Upon information and belief, Defendant Top Hat Too is a corporation organized and existing under the laws of the State of New York, with an address for service of process at Attn: Michael Goodman, 125 Jericho TPKE, Suite 300, Jericho, New York 11753 and a principal place of business at 230 Duffy Avenue, Ste E, Hicksville NY 11801-3641.

5. This Court has subject matter jurisdiction under 17 U.S.C. § 101, *et seq*.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendants Top Hat and Top Hat Too because Defendants are domiciled in this District, engage in continuous and systematic business activities in this District, and are registered to do business in New York.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because both Defendants reside in this District.

## FACTUAL BACKGROUND

8. Montanez is a freelance fashion illustrator/graphic designer who earns her living through the creation and licensing of original illustrations to various companies.

9. Montanez is the creator and owner of a number of original illustrations which are at issue in this action ("Copyrighted Works") and which she uses to create derivative works to be licensed to various companies.

10. Montanez owns a valid copyright registration with the United States Copyright Office for the Copyrighted Works, a copy of the registration certificate is attached as **Exhibit 1**.

11. Top Hat is a clothing manufacturer that designs and produces custom uniforms for clients in the hospitality industry.

12. Upon information and belief, Top Hat Too is a clothing manufacturer that designs and produces custom uniforms for clients in the hospitality industry.

13. In 2007, Montanez worked on a number of projects for one or more of the Defendants on behalf of their clients.

14. In 2008 the President and Creative Director of Top Hat and/or Top Hat Too, Alan Steinger, and the Senior Vice President, Marion Steinger, visited Montanez's studio which was in West Palm Beach, Florida at the time, to meet her and to view her portfolio which included the Copyrighted Works.

15. On or around July 16, 2008, Top Hat offered Montanez a role as an independent contractor to produce illustrations of custom uniforms to be presented to their clients as a means of obtaining business, the terms of engagement were negotiated verbally and subsequently memorialized in an email with Top Hat's Vice President of Operations, Cindy Miles. See **Exhibit 2**.

16. Under the contract terms, the parties mutually agreed that the Copyrighted Works and/or any derivative works created by Montanez therefrom (collectively, the "Works") would not be altered by any party other than Montanez. See **Exhibit 2**.

17. Under the contract terms, the parties mutually agreed that Montanez would be paid to produce 35 to 45 illustrations per week and would provide Top Hat with access to an "additional freelancer" for projects which require more than 45 figures to be produced in one week. See **Exhibit 2**.

18. Under the contract terms, the parties mutually agreed that payment by Top Hat of

additional freelancers would be at a rate of $125.00 per day. See **Exhibit 2**.

19. In or around July 2008, Montanez began creating and licensing illustrations to Top Hat under the mutually agreed upon terms of the engagement.

20. In or around July 2016, through emails sent from Donna Gronachan, a graphic designer at Top Hat, Montanez became aware that one or more of the Defendants were using and altering the Works for presentation to clients without Montanez's authorization and in breach of the mutually agreed upon contract terms. Examples of such alterations can be seen below:

**ORIGINAL ARTWORK BY MONTANEZ**     **ALTERED WORK BY TOP HAT**




**ORIGINAL ARTWORK BY MONTANEZ**     **ALTERED WORK BY TOP HAT**




**ORIGINAL ARTWORK BY MONTANEZ**     **ALTERED WORK BY TOP HAT**




21. On July 20, 2016, Montanez sent an email to Cindy Miles expressing her concerns about the unauthorized use and alteration of the Works.

22. Upon information and belief, thereafter, one or more of the Defendants continued to use and alter the Works in furtherance of their business without Montanez's permission.

23. On July 26, 2017, Montanez sent an email to Cindy Miles and Alan Steinger reiterating the contract terms, specifically Donna Gronachan's lack of authorization to alter the Works.

24. In a series of email exchanges between Montanez and Cindy Miles around July 2017 to September 2017, Cindy Miles agreed that Top Hat is not allowed to alter the Works and reassured Montanez that they were not doing so.

25. On September 21, 2017, Montanez received an email from Donna Gronachan requesting files so that Donna could make further alterations to the Works that Donna already altered at the request of a Client. These were alterations to a project that Montanez was not aware of and for which she did not provide authorization for the Works to be used and/or altered.

26. On September 21, 2017, Montanez sent an email to Cindy Miles and Alan Steinger demanding that Top Hat cease and desist all use of the Works.

27. On September 26, 2017, Montanez participated in a conference call with Cindy Miles, Marion Steinger and Lauren Steinger (Top Hat's Vice President Creative Design/Senior Sales Director) during which, upon information and belief, Lauren Steinger on behalf of Alan Steinger offered to purchase the Works and proposed new contract terms between Top Hat and Montanez.

28. On September 28, 2017 Cindy Miles notified Montanez via email that Top Hat decided instead not to renegotiate the contract terms and that the relationship between the parties was terminated.

29. On January 8, 2018, Montanez through her then counsel Gilbert's LLP, sent a formal

cease and desist letter to Alan Steinger.

30. Top Hat used, displayed and modified the Works in excess of any license provided under the contract terms.

31. Upon information and belief, the Defendants continue to use, display, and alter the Works without Montanez's authorization in furtherance of their business.

32. Upon information and belief, as a result of the Defendants' status in the industry as a high end custom uniform design company, Defendants' continued infringing use of the Works has caused and continues to cause irreparable harm to Montanez's ability to obtain new contracts from companies selling high-end custom uniform design which would be in competition with the presentation of the infringing Works to clients by the Defendants.

## FIRST CAUSE OF ACTION
*(Copyright Infringement Against Top Hat)*

33. Montanez repeats and incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

34. At all times herein, Montanez has been and is still the owner of all rights, title and interest in and to the Works that are the subject of this action.

35. Montanez owns a valid copyright registration with the United States Copyright Office covering the Works.

36. Top Hat had access to the Works.

37. During the contract term, Top Hat reproduced and displayed the Works and created unauthorized derivative works based on the Works in excess of any license provided under the contract terms in violation of 17 U.S.C. §§106(1), (2) and (5) and 17 U.S.C. §501.

38. Upon termination of the contract, Top Hat reproduced and displayed the Works and

created derivative works based on the Works without authorization in violation of 17 U.S.C. §§106(1), (2) and (5) and 17 U.S.C. §501.

39. Top Hat's unauthorized acts continued after several notifications by Montanez that such acts were infringing, and as such, Top Hat acted with willful disregard for Montanez's exclusive rights.

40. As a direct and proximate result of the infringement, Montanez has and continues to suffer harm in an amount to be determined at trial.

41. Unless Top Hat's conduct is enjoined by this Court, it will continue to cause irreparable injury that cannot fully be compensated for or measured in money.

## SECOND CAUSE OF ACTION
*(Breach of Contract Against Top Hat)*

42. Montanez repeats and incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

43. Montanez and Top Hat entered into a valid contract under negotiated and mutually agreed upon terms.

44. Under the contract terms, the parties mutually agreed that the Works would not be altered by any party other than Montanez.

45. Montanez fulfilled her obligations under the contract. Montanez provided illustrations upon request for Top Hat's benefit and provided access to an additional freelancer in instances where the requested number of illustrations were of a large number.

46. Top Hat breached the contract by continuously altering the Works without Montanez's permission in violation of the contract terms.

47. As a direct and proximate result of Top Hat's breach, Montanez has suffered damages in

an amount to be determined at trial.

## THIRD CAUSE OF ACTION
*(Unjust Enrichment Against All Defendants)*

48. Montanez repeats and incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

49. Top Hat was enriched through the unauthorized use, reproduction, display, and creation of derivative works based on Montanez's Works after the termination of their contract, for Top Hat's own commercial benefit.

50. Top Hat Too was enriched through the unauthorized use, reproduction, display and creation of derivative works based on Montanez's Works without authorization from Montanez, for Top Hat Too's own commercial benefit.

51. Montanez received no compensation from Defendants' unauthorized use, reproduction, Display, and creation of derivative works based on Montanez's Works in violation of her exclusive rights.

52. As a direct and proximate result of Defendants' infringing activities, Defendants have been unjustly enriched at Plaintiff's expense.

## FOURTH CAUSE OF ACTION
*(Misappropriation Against Top Hat)*

53. Montanez repeats and incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

54. Top Hat misappropriated the skill, labor and expenditures of Montanez by continuously

reproducing, displaying and altering her Works after the termination of their contract without her authorization and without just compensation, for Top Hat's own benefit.

55. Top Hat misappropriated the skill, labor and expenditures of Montanez by continuously altering the Works during the contract term in violation of their agreement, for Top Hat's own commercial benefit.

56. Top Hat assured Montanez that her Works were not and would not be modified by any individual other than Montanez. However, Top Hat continued to alter the Works without Montanez's authorization. As such, Top Hat's acts were in bad faith.

57. As a direct and proximate result of Top Hat's misappropriation, Montanez has been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants, as follows:

A. Granting Plaintiff a permanent injunction pursuant to 17 U.S.C. §502 enjoining Defendants, and all those acting at their direction or pursuant to their control from reproducing, displaying, distributing, or otherwise disseminating, and creating derivative works of the copyrighted Works;

B. Ordering the destruction or other reasonable disposition of all infringing copies pursuant to 17 U.S.C. §503;

C. Awarding Plaintiff, at her election, damages in an amount to be determined at trial and Defendants' profits derived from the infringement, or statutory damages.

D. Awarding Plaintiff attorney's fees in investigating, seeking to resolve, bringing, and

prosecuting this action pursuant to 17 U.S.C. §505;

    E. Awarding Plaintiff pre and post judgement interest on any monetary award; and

    F. Awarding Plaintiff such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this instant controversy.

Dated: New York, New York
       October 3, 2018                       Respectfully Submitted,

                                                GRANT ATTORNEYS AT LAW PLLC

By: _____
Kristin Grant (KG0303)
211 East 43rd Street, 7th Floor
New York, NY 10017
T: 212-520-7881
F: 212-520-7883
E: kgrant@grantipattorneys.com

*Attorneys for Plaintiff, Wanda Montanez*


CLARK-ESPOSITO LAW FIRM, P.C.

By: _____
Deanna Clark-Esposito (DC1241)
211 East 43rd Street, 7th Floor
New York, NY 10017
T: 917-546-6997
F: 612-233-3883
E: deanna@clarkespositolaw.com


*Attorneys for Plaintiff, Wanda Montanez*

- 11 -